### No. 228.—STATE *v.* FRIDAY RILEY et al.

The Parish Court has jurisdiction to try criminal cases when the penalty is not necessarily imprisonment at hard labor or death, if the accused shall have waived trial by jury. Constitution, art. 87.

Being once vested with jurisdiction of a criminal cause the parish court has the power to pass sentence and inflict such penalty as the law prescribes.

APPEAL from the Parish Court of Morehouse. *James Bussey*, Parish Judge. *W. W. Farmer*, District Attorney, Fourteenth Judicial District, for the State. *C. T. Dunn*, for the defendants and appellants.

HOWE, J. The accused having been indicted for larceny waived a trial by jury and were tried by the parish court, found guilty, and sentenced to imprisonment at hard labor in the penitentiary. Appealing, they admit that the parish court had jurisdiction to try their case, but not to impose a sentence of imprisonment at hard labor.

Article 87 of the Constitution declares that "in criminal matters the parish court shall have jurisdiction in all cases where the penalty is not necessarily imprisonment at hard labor or death and when the accused shall waive trial by jury."

Such was the case at bar. The offense was punishable by imprisonment with or without hard labor, and the accused waived a trial by jury. We are unable to understand how a court can have jurisdiction of a cause and at the same time be without the power to render the judgment provided by law. Jurisdiction, in the sense in which the word is here used, means the right of judging. It would have been an idle ceremony for the judge *a quo* to exercise his judicial faculty in determining whether the accused were guilty or not guilty, if he had not further proceeded to sentence them when found guilty. It is conceded that he could pass sentence. But he could only pass sentence according to law, and the law in respect to larceny accords to him a further judicial discretion to determine whether the imprisonment should be with, or without, hard labor. Between these two he had the "right of judging," and it would be just as logical to say that he had the right to commit to the penitentiary but not to the parish jail, as to say that he had a right to commit to the parish jail but not to the penitentiary.

Judgment affirmed.